1 | Timothy D. Thurman, State Bar No. 216048
2 | TRINITY LAW ASSOCIATES, Inc.
3 | 3470 Wilshire Blvd., Suite 930
   | Los Angeles, California 90010
4 | Tel: (213) 928 7338; Fax: (213) 402 3262

5 | Attorneys for Plaintiff, CYNTHIA ROBERTS

6

7 | ADR

8 | UNITED STATES DISTRICT COURT,
9 | NORTHERN DISTRICT OF CALIFORNIA

10

11

12 | CYNTHIA ROBERTS, an individual,        )   CASE NO.:
13 |              Plaintiff,               )   COMPLAINT FOR:
14 |
   |            v.                         )
15 |                                       )   1.  VIOLATION OF
16 | WASHINGTON MUTUAL BANK               )       TRUTH IN LENDING
   | FA, a Federal Savings Bank,           )       ACT, 15 U.S.C. § 1601
17 | organized and existing under the laws )   2.  VIOLATION OF REAL
18 | of the United States of America; JP   )       ESTATE SETTLEMENT
   | MORGAN CHASE BANK, N.A., a            )       PROCEDURES ACT
19 | national association, organized and   )       (RESPA), 12 U.S.C. §
20 | existing under the laws of the United )       2601
   | States of America; and DOES 1-10,     )   3.  VIOLATION OF CAL.
21 | inclusive,                            )       FINANCIAL CODE §
22 |                                       )       4970
   |            Defendants.                )   4.  FRAUD
23 |                                       )   5.  BREACH OF
24 |                                       )       CONTRACT
25 |                                       )   6.  BREACH OF THE
   |                                       )       IMPLIED COVENANT
26 |                                       )       OF GOOD FAITH AND
   |                                       )       FAIR DEALING
27 |                                       )   7.  VIOLATION OF
28 |                                       )       CALIFORNIA CIVIL

1

**COMPLAINT FOR DAMAGES AND RECISSION**

CASE NO.: C 09   01879

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338: Fax: (213) 402 3262: timothy.thurman@trinlaw.com

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CODE § 2923.6
8.   VIOLATION OF
     CALIFORNIA CIVIL
     CODE § 2923.5
9.   BREACH OF
     FIDUCIARY DUTY
10.  VIOLATION OF THE
     FAIR DEBT
     COLLECTION
     PRACTICES ACT
     (FDCPA), 15 U.S.C. §
     1692
11.  VIOLATION OF
     ROSENTHAL FAIR
     DEBT COLLECTION
     PRACTICES ACT, CAL.
     CIVIL CODE § 1788
12.  VIOLATION OF THE
     UNRUH CIVIL RIGHTS
     ACT, CIVIL CODE § 51
     (Discrimination)
13.  VIOLATION OF CIVIL
     RIGHTS ACT OF 1991,
     42 U.S.C. § 1981
     (Discrimination)
14.  VIOLATION OF CIVIL
     RIGHTS ACT OF 1871,
     42 U.S.C. § 1983
     (Discrimination)
15.  VIOLATION OF FAIR
     HOUSING ACT, 42
     U.S.C. § 3601
     (Discrimination)
16.  VIOLATION OF TITLE
     VI OF CIVIL RIGHTS
     ACT OF 1964, 42 U.S.C.
     § 2000d (Discrimination)
17.  VIOLATION OF
     EQUAL CREDIT
     OPPORTUNITY ACT
     (ECOA), 15 U.S.C. § 1691

2
PLAINTIFF'S COMPLAINT FOR DAMAGES

**TRINITY LAW ASSOCIATES**
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338: Fax: (213) 402 3262: timothy.thurman@trinlaw.com

)  (Discrimination)
)  18. VIOLATION OF CAL.
)  BUSINESS &
)  PROFESSIONS CODE
)  §§ 17200 and 17500
)  19. DECLARATORY
)  RELIEF
)

**COMES NOW** Plaintiff CYNTHIA ROBERTS, (referred to hereinafter only as "Plaintiff") an individual, and herein complains and alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff institutes this action for actual and compensatory damages, statutory damages, rescission, punitive damages, attorney fees, and costs of this action against Defendants for violations of the following federal statutes and state law claims:

    a.  Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, (hereinafter TILA), and Regulation Z, 12 C.F.R. § 226 *et seq.*;

    b.  Real Estate Settlement Procedures Act,  12 U.S.C. § 2601 *et seq.*, (hereinafter RESPA), and Regulation X, 24 C.F.R. § 3500 *et seq.*;

    c.  Home Ownership and Equity Protection Act (hereinafter HOEPA), 15 U.S.C. § 1639 *et seq.*, and Regulation Z, 12 C.F.R. §§ 226.31, 226.32 and 226.34;

    d.  California Financial Code § 4970 *et seq.*;

    e.  Fraud;

    f.  Breach of Contract;

    g.  Breach of the Implied Covenant of Good Faith and Fair Dealing;

    h.  California Civil Code § 2923.6

    i.  California Civil Code § 2923.5

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338: Fax: (213) 402 3262: timothy.thurman@trinlaw.com

j.   Fair Debt Collection Practices Act, (hereinafter FDCPA), 15 U.S.C. § 1692 *et seq.*;

k.   Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788;

l.   Unruh Civil Rights Act, California Civil Code § 51 *et seq.*;

m.  Civil Rights Act of 1991, 42 U.S.C. § 1981 *et seq.*;

n.   Civil Rights Act of 1871, 42 U.S.C. § 1983 *et seq.*;

o.   Fair Housing Act, 42 U.S.C. § 3601 *et seq.*;

p.   Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*;

q.   Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691 *et seq.*;

r.   California Business & Professions Code §§ 17200 and 17500 *et seq.*;

s.   Declaratory Relief;

2.      Plaintiff only recently discovered the violations of these laws. As Plaintiff is not familiar with, or have any expertise in mortgage transactions, Plaintiff did not and could not have reasonably discovered these violations despite due diligence. As such, this action is timely as any and all applicable statutes of limitations were equitably tolled pursuant to state and/or federal law.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court is invoked under a federal question pursuant to the federal statutes outlined above and 28 U.S.C. §§ 1331 and 1337.

4.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.      This Court has jurisdiction to render the declaratory judgment Plaintiff seeks pursuant to 28 U.S.C. § 2201.

6.      Venue is proper within this district pursuant to 28 U.S.C. § 1391(b), because: (i) the real property exists within said district, (ii) the Defendant(s), and

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338: Fax: (213) 402 3262: timothv.thurman@trinlaw.com

1   each of them, has/have or is/are doing business within the district; and (iii) further,

2   the *pendente* causes of action pursuant to California law concerns real property

3   within the County of Santa Cruz within this district.

4

5                                   **PARTIES**

6          7.     Plaintiffs CYNTHIA ROBERTS is an individual, who at all times

7   relevant hereto was a resident at 107 Silverwood Drive, in the City of Scotts Valley,

8   County of Santa Cruz, State of California.

9          8.     Defendant WASHINGTON MUTUAL BANK, FA [hereinafter

10  referred as "BANK 1" or "WAMU"] was a corporation, organized under the law of

11
    the State of Washington. It was in the business, at all relevant times hereto, doing
12
    business as a financial institution providing mortgages on real property in
13
    California. WAMU provided the mortgage loan to the Plaintiff on her home in the
14
    County of Santa Cruz, the State of California.  Plaintiff is informed and believes,
15
    and thereupon alleges, that WAMU was bought by Defendant JP MORGAN
16
17  CHASE BANK, N.A., and that, therefore, Defendant JP MORGAN CHASE

18  BANK, N.A. stands in the place of WAMU.

19
           9.     Defendant JP MORGAN CHASE BANK, N.A. [hereinafter referred as
20
21  "CHASE" or "BANK 2"] is and, at all relevant times herein, was a national

22  association organized and existing under the laws of the United States of America.
23
    Plaintiff is informed and believes, and thereupon alleges that WAMU was bought by
24
25  Defendant CHASE, and that, therefore, Defendant CHASE stands in the shoes of

26  WAMU, as the original mortgagor on the home equity loan.
27

28

10.     Defendant WAMU was also the loan servicer for the Plaintiff's loan, and is in the business of servicing mortgage loans for lenders, and conducting business in the State of California.

11.     Defendants WAMU and JP MORGAN CHASE are also in the business of regularly collecting debts owed to another person, and conducting business in the State of California.

12.     Plaintiff is not aware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names.  Each of said fictitiously named defendant is responsible in some manner for the violations of law herein alleged.  Plaintiff will amend this complaint to add the true names of the fictitiously named Defendants once they are discovered. Whenever reference is made in this complaint to "Defendants," such reference shall include Does 1 through 10.

13.     When reference in this complaint is made to any act or transaction of a defendant corporation, company, association, business entity, or partnership, such allegation shall be deemed to mean that said defendant and its owners, officers, directors, agents, employees, or representatives did or authorized such acts while engaged in the management, direction, or control of the affairs of Defendants and while acting within the scope and course of their duties.

14.     Whenever in this Complaint reference is made to any act of any individual defendant, such allegation shall be deemed to mean that said defendant is and was acting (a) as a principal, (b) under express or implied agency, and/or (c) with actual or ostensible authority to perform the acts so alleged on behalf of every other defendant herein.

15.     Whenever in this Complaint reference is made to any act of Defendants, such allegation shall be deemed to mean the act of each defendant

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338; Fax: (213) 402 3262; timothy.thurman@trinlaw.com

PLAINTIFF'S COMPLAINT FOR DAMAGES

1 | acting individually and jointly with the other Defendants named in that cause of
2 | action.
3
4 | **COMMON FACTUAL ALLEGATIONS**

5 |     16.    On or about August 4, 2003 (referred to hereinafter as "Closing Date")
6 | Plaintiff entered into a consumer credit transaction by obtaining a mortgage loan for
7 | $712,000, secured by Plaintiff's principal residence, a real property commonly
8 | known as 107 Silverwood Drive, City of Scotts Valley, County of Santa Cruz, State
9 | of California (hereinafter referred to as the "Property"). A copy of the Note and/or
10 | security agreement is attached hereto as Exhibit A, and is hereby incorporated by
11 | reference. This Note was secured by a First Trust Deed on the Property, a copy of
12 | which is attached hereto as Exhibit B. A legal description of the property is
13 | included with Exhibit B. The loan provided for a variable interest rate, changing
14 | each year on the anniversary of the Closing Date. The adjustable rate provided for a
15 | change of 2.150% above the LIBOR index.

16 |     17.    Since the Closing Date, Defendant WAMU has also been the servicer
17 | of both of the mortgage loans.

18 |     18.    Plaintiff alleges that Defendants, and each of them, failed to explain the
19 | workings of the entire mortgage loan transaction, how the rates, finance charges,
20 | costs and fees were computed, nor the inherent volatility of the loan products
21 | provided by Defendants.

22 |     19.    Plaintiff further alleges that although she was qualified for conforming,
23 | traditional loans, Defendant WAMU fraudulently persuaded her that she only
24 | qualified for a sub prime loan. Further, on information and belief, Plaintiff alleges
25 | that the Defendants charged and obtained improper fees for the placement of her
26 | loan as "sub-prime" when she would have qualified for a prime rate mortgage which
27 | would have generated less in fees and interest for the Plaintiffs
28 | ///

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338: Fax: (213) 402 3262: timothv.thurman@trinlaw.com

7

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

# COUNT I

## VIOLATION OF TRUTH IN LENDING ACT

### [15 USC § 1601]

### (ALL DEFENDANTS)

20. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

21. At all relevant times, Defendants were "creditors" as that term is defined in § 103 of the TILA, 15 U.S.C. § 1602, and § 226.2(a)(17) of Regulation Z, 12 C.F.R. § 226.2(a)(17), and therefore are required to comply with the applicable provisions of the TILA and Regulation Z, and other applicable laws.

22. The transaction which is the subject of this lawsuit are subject to the right of rescission because either the loan was a non-exempt loan under TILA for purposes of rescission, or Defendants otherwise treated the transaction as rescindable by, among other things, providing Plaintiff with TILA disclosures and/or the right to cancel.

23. On information and belief, in the course and conduct of offering and extending credit, Defendants violated the requirements of the TILA and Regulation Z, and other applicable laws, in one or more of the following ways within one year of the Closing Date:

    a. Failing to identify the creditor in violation of § 128 of the TILA, 15 U.S.C. § 1638, and § 226.18(a) of Regulation Z, 12 C.F.R. § 226.18(a);

    b. Stating a rate of finance charge without disclosing the "annual percentage rate" or "APR" in violation of § 144 of the TILA, 15 U.S.C. § 1664, and § 226.24(b) of Regulation Z, 12 C.F.R. § 226.24(b);

    c. Failing to make required TILA disclosures before consummating a consumer credit transaction in violation of §§ 121 and 128 of the

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338; Fax: (213) 402 3262: timothy.thurman@trinlaw.com

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338: Fax: (213) 402 3262: timothv.thurman@trinlaw.com

TILA, 15 U.S.C. §§ 1631 and 1638, and §§ 226.17 and 226.18 of Regulation Z, 12 C.F.R. §§ 226.17 and 226.18;

d.  Failing to make required TILA disclosures in the required manner and form before consummating a consumer credit transaction in violation of §§ 121 and 128 of the TILA, 15 U.S.C. §§ 1631 and 1638, and §§ 226.17 and 226.18 of Regulation Z, 12 C.F.R. §§ 226.17 and 226.18;

e.  Failing to timely make or correct certain "good faith" disclosures in violation of § 226.19 of Regulation Z, 12 C.F.R. § 226.19;

f.  Understating the disclosed finance charge in violation of § 128 of the TILA, 15 U.S.C. § 1638, and § 226.18(d) of Regulation Z, 12 C.F.R. § 226.18(d);

g.  Overstating the amount financed in violation of § 128 of the TILA, 15 U.S.C. § 1638, and § 226.18(b) of Regulation Z, 12 C.F.R. § 226.18(b);

h.  Understating the disclosed annual percentage rate in violation of § 128 of the TILA, 15 U.S.C. § 1638, and § 226.18(e) of Regulation Z, 12 C.F.R. § 226.18(e);

i.  Failing to disclose or accurately disclose the "payment schedule" or the "total of payments," including but not limited to, failing to disclose a balloon payment, in violation of § 128 of the TILA, 15 U.S.C. §§ 1638, and §§ 226.18(g) and (h) of Regulation Z, 12 C.F.R. §§ 226.18(g) and (h);

j.  Making disclosures that do not reflect accurately the legal obligation between the parties in violation of § 128 of the TILA, 15 U.S.C. §§ 1638, and § 226.17(c) of Regulation Z, 12 C.F.R. § 226.17(c);

k.  Failing to deliver to each borrower two copies of a notice of the right to rescind that: identified the transaction; clearly and

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338: Fax: (213) 402 3262: timothy.thurman@trinlaw.com

conspicuously disclosed the security interest in the Property; clearly and conspicuously disclosed the Plaintiff's right to rescind the transaction; clearly and conspicuously disclosed how to exercise the right to rescind the transaction, with a form for that purpose, designating the address of the defendant's place of business; clearly and conspicuously disclosed the effects of rescission; and/or clearly and conspicuously disclosed the accurate date the rescission period expired, in violation of 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b);

l.  Failing to provide a good faith estimate within three (3) days of the loan application, in violation of Regulation Z §§ 226.17(b) and 226.19(b)(2);

m.  Failing to provide the Consumer Handbook on Adjustable Rate Mortgages, in violation of Regulation Z §§ 226.17(b) and 226.19(b)(1);

n.  Failing to provide a copy of the HUD-1 statement at Closing Date, in violation of Regulation Z § 226.18(c);

o.  Failing to clearly, conspicuously and accurately disclose in its advertising the down payment, number of payments or period for payments, amount of payments, and the finance charge, in violation of Regulation Z § 226.24(d);

p.  Failing to offer the same interest rate and/or terms of the loan represented and/or promised during the loan application stage as the final consumer transaction terms reflected in the promissory note; and/or

q.  Failing to invoice borrower for the mortgage loan which borrower either agreed to or was led to believe would be his/her loan terms.

PLAINTIFF'S COMPLAINT FOR DAMAGES

24.    As a proximate result of the aforesaid violations of the Act, Plaintiff detrimentally relied upon such inaccurate disclosures and/or non-disclosures by Defendants and has sustained damages, including but not limited to, paying fees and charges in excess of what she should have paid but for the violations, all in an amount to be proven at trial.

25.    As a result of the aforesaid violations of the Act, Defendants are liable to Plaintiff for:

    a.  Rescission of the transaction;

    b.  Termination of any security interest in Plaintiff's Property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including Defendants, in connection with this transaction;

    d.  Statutory damages of $2,000 for disclosure violations;

    e.  Statutory damages of $2,000 for Defendants' failure to respond properly to Plaintiff's rescission notice;

    f.  Forfeiture of return of loan proceeds;

    g.  Actual damages in an amount to be determined at trial;

    h.  Reasonable attorney's fees and costs.

## COUNT II

## VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT

## [12 USC § 2601]

## (ALL DEFENDANTS)

26.    Plaintiff repeats and realleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

27.    On information and belief, Defendants are lenders, creditors, mortgage brokers, and/or services, including their agents and employees, who regularly extend federally-insured mortgage loans, HUD-related loans, or loans intended to be sold

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd, Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338; Fax: (213) 402 3262; timothy.thurman@trinlaw.com

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338: Fax: (213) 402 3262: timothy.thurman@trinlaw.com

on the secondary market, intended for the purchase of a one- to four-family residential property, to which the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617, and Regulation X (24 C.F.R. § 3500 *et seq.*) applies.

28.     On information and belief, Defendants, and each of them, violated RESPA in one or more of the following ways:

a.  Failing to provide the Special Information Booklet explaining the settlement costs within three (3) business days after Plaintiff submitted his/her loan application, pursuant to Regulation X § 3500.6;

b.  Failing to provide, in a clear and concise form, a good faith estimate of the amount of settlement charges the borrower is likely to incur at Closing Date within three (3) business days after Plaintiff submitted his/her loan application, pursuant to Regulation X § 3500.7;

c.  Failing to reflect in the good faith estimate the required use of a particular settlement service provider, the costs of such provider, and all necessary disclosures for such provider;

d.  Failing to properly provide, and in a clear and conspicuous form, the HUD-1 settlement statement at or before the Closing Date with all settlement charges related to the transaction, pursuant to Regulation X §§ 3500.8 and 3500.10;

e.  Charging a fee for preparation of the settlement statement, escrow account statement, and/or the TILA disclosure statement, pursuant to Regulation X § 3500.12;

f.  Failing to disclosure an affiliated business arrangement, pursuant to Regulation X § 3500.15;

g.  Giving, providing and/or receiving a hidden fee or thing of value for the referral of settlement business, including but not limited to,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338: Fax: (213) 402 3262: timothv.thurman@trinlaw.com

kickbacks, hidden referral fees, and/or yield spread premiums, pursuant to Regulation X § 3500.14;

h. Charging fees in excess of the reasonable value of goods provided and/or services rendered;

i. Requiring the borrower(s) to deposit funds in escrow in excess of the statutorily permitted amounts;

j. Failing to inform the borrower(s) of defendant's intention to transfer the servicing of the loan and/or failing to inform the borrower(s) of the actual transfer within fifteen (15) days before the effective date of the transfer, pursuant to Regulation X § 3500.17(e);

k. Failing to provide borrower with a mechanism to obtain information about their loan and to correct erroneous information regarding their loan;

l. Failing to properly and timely pay for property taxes, insurance and other charges for which Defendants are collecting within an escrow impound account; and/or

m. Failing to adequately and timely respond to borrower qualified written request, pursuant to Regulation X § 3500.21(e).

29. As a proximate result of the aforesaid violations of the Act, Plaintiff detrimentally relied upon such inaccurate disclosures and/or non-disclosures by Defendants and has sustained damages, including but not limited to, paying fees and charges in excess of what he should have paid but for the violations, all in an amount to be proven at trial.

30. As a result of the aforesaid violations of the Act, Defendants are liable to Plaintiff for:

a. Actual damages in an amount to be determined at trial;

b. Statutory damages of $1,000;

c. Treble damages;

13

1    d. Reasonable attorney's fees and costs.

2

3                              **COUNT III**

4        **VIOLATION OF CALIFORNIA FINANCIAL CODE § 4970**

5                            **(ALL DEFENDANTS)**

6        31.     Plaintiff repeats and realleges each and every allegation contained in

7  the above paragraphs and incorporates the same as though fully set forth at length.

8        32.     The mortgage loan which is the subject of this action was a "consumer

9  loan" as defined in California Financial Code § 4970(b) and (d).

10       33.     On information and belief, Defendants violated § 4970 *et seq.*, in one or

11  more of the following ways:

12           a. Failing to provide the required disclosure pursuant to § 4973(k);

13           b. Including a prepayment fee or penalty within the first 36 months

14              after the Closing Date without offering the Plaintiff a choice of

15              another product without a prepayment fee or penalty;

16           c. Including a prepayment fee or penalty after the first 36 months after

17              the Closing Date;

18           d. Including a negative amortization provision that causes the principal

19              balance to increase;

20           e. Including an advance payment of periodic payments from the loan

21              proceeds;

22           f. Including a provision which increases the interest rate as a result of

23              a default;

24           g. Originating the loan with no reasonable belief that the Plaintiff

25              would be able to make the scheduled payments to repay the

26              obligation;

27

28

**TRINITY LAW ASSOCIATES**
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338: Fax: (213) 402 3262: timothy.thurman@trinlaw.com

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd, Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338: Fax: (213) 402 3262: timothy.thurman@trinlaw.com

h. Encouraging and/or providing Plaintiff with a loan to refinance such that the new loan does not result in any identifiable, financial benefit to the Plaintiff;

i. Encouraging and/or providing Plaintiff with a loan product that is less favorable that the Plaintiff would ordinarily qualify for based on the current underwriting guidelines, prudently applied, including all available information;

j. Dividing the loan transaction into separate parts to avoid liability under the statute; and/or

k. Misrepresenting the terms of the loan transaction to the Plaintiff.

34. As a proximate result of the aforesaid violations of the Act, Plaintiff has sustained damages, including but not limited to, paying fees and charges in excess of what she should have paid but for the violations, all in an amount according to proof at trial.

35. As a result of the aforesaid willful violations of the statute, Defendants are liable to Plaintiff for $25,000 or actual damages determined at trial, (whichever is greater), and reasonable attorney's fees and costs.

## COUNT IV
## FRAUD
## (AGAINST BANK 1)

36. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

37. Prior to Closing Date, Defendant BANK 1, through verbal and written communications, falsely and fraudulently represented to Plaintiff that the loan terms were easily refinancable. Plaintiffs entered into the transaction under the belief that they would be able to easily refinance the property within a year or two.

15

Furthermore, the Defendant WAMU committed fraud by telling the Plaintiff that she only qualified for subprime loan.

38.     The representations made by Defendant BANK 1 were in fact false. The true facts were that there was no way to know whether or not the Plaintiff would be able to refinance the property because of the many variables.

39.     When the Defendant BANK 1 made these representations it knew them to be false, and these representations were made by Defendant with the intent to defraud and deceive Plaintiff and with the intent to induce Plaintiff to act in the manner herein alleged.

40.     Plaintiff, at the time these representations were made by Defendant BANK 1 and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of Defendant's representations and believed them to be true.

41.     In reliance on these representations, Plaintiff was induced to and did enter into the mortgage loan transaction with Defendant BANK 1.

42.     Had Plaintiff known the actual facts, Plaintiff would not have taken such action.

43.     Plaintiff's reliance on Defendant's representations was justified because Plaintiff is not in the business of mortgage lending and reasonably relied upon Defendant BANK 1 to fully inform and disclose to Plaintiff the true nature of the terms of the loan as more fully described above.

44.     As a proximate result of Defendant's fraud and deceit, and the facts herein alleged, Plaintiff has been damaged in an amount to be proven at trial and is also entitled to restitution and/or rescission (pursuant to Cal. Civil Code § 1688 *et seq*.) of the transaction which is the subject(s) of this action.

45.     In doing the acts herein alleged, Defendant acted with oppression, fraud, and malice, and Plaintiff is entitled to punitive damages in an amount to be proven at trial.

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338; Fax: (213) 402 3262; timothy.thurman@trinlaw.com

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd, Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338: Fax: (213) 402 3262: timothv.thurman@rinlaw.com

## COUNT V

## BREACH OF CONTRACT

## (ALL DEFENDANTS)

46.     Plaintiff repeats and realleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

47.     Plaintiff entered into a written agreement with BANK for a mortgage loan, a copy of which is attached as Exhibit A.

48.     On information and belief, BANK breached the agreement by, among other things, failing to refinance the Plaintiff, failing to provide the required notices under RESPA and TILA, and discriminating against the Plaintiff on the basis of her race, religion, and national origin.

49.     Plaintiff has performed all conditions, covenants, and promises required by him on his part to be performed in accordance with the terms and conditions of the contract.

50.     As a proximate result of the aforesaid breach of contract, BANK is liable to Plaintiff for actual and compensatory damages according to proof at trial, attorney's fees and costs.

## COUNT VI

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

## (ALL DEFENDANTS])

51.     Plaintiff repeats and realleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

52.     On information and belief Plaintiff alleges that at all times mentioned herein there existed between Plaintiff and Defendants, and each of them, either a direct or implied contractual covenant of good faith and fair dealing requiring Defendants and each of them to safeguard, protect or otherwise care for the assets

PLAINTIFF'S COMPLAINT FOR DAMAGES

1   and/or rights of the Plaintiff. Said covenants prohibited them from activities

2   interfering with or contrary to the rights of the Plaintiff.

3        53.    On information and belief, Plaintiff alleges that any attempt to

4   foreclose upon the property lawfully belonging to Plaintiff without production of

5   documents demonstrating the lawful rights for said foreclosure would constitute a

6   breach of the said covenant of good faith and fair dealing.

7        54.    As a direct and legal result of said acts by Defendants, and each of

8   them, Plaintiff alleges that she has been damaged legally and proximately in

9   amounts according to proof at time of trial.

10

11                            **COUNT VII**

12        **VIOLATION OF CALIFORNIA CIVIL CODE § 2923.6**

13                         **(ALL DEFENDANTS)**

14        55.    Plaintiff repeats and realleges each and every allegation contained in

15   the above paragraphs and incorporates the same as though fully set forth at length.

16        56.    Pursuant to California Civil Code § 2923.6, a loan servicer "acts in the

17   best interest of all parties if it agrees to or implements a loan modification where the

18   (1) loan is in payment default, and (2) anticipated recovery under the loan

19   modification or workout plan exceeds the anticipated recovery through foreclosure

20   on a net present value basis."

21        57.    Plaintiff previously submitted a request for a loan modification, but was

22   denied by both Defendants.

23        58.    A loan modification would be in the best interest of all parties in this

24   case because Plaintiff is currently in default and the recovery under a loan

25   modification or workout plan would exceed the anticipated recovery through

26   foreclosure, estimated to be the fair market value of no more than $650,000, less

27   costs on average of $77,935 for foreclosure (as published by the Joint Economic

28   Committee of Congress).

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd, Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338: Fax: (213) 402 3262: timothv.fhurman@trinlaw.com

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd, Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338: Fax: (213) 402 3262: timothy.thurman@trinlaw.com

59.     As a result of the aforementioned violations by Defendants, Plaintiff has been damaged in an amount according to proof at trial, including but not limited to, attorneys' fees and costs.

60.     Plaintiff also seeks, in addition to other remedies sought in this Complaint, an order from the Court modifying Plaintiff's loan and/or directing that BANK 1 and BANK 2 modify Plaintiff's loan by one or more of the following methods: reduction of principal, reduction of interest rate, alteration of the term of the loan, and/or such other method as the Court deems just and proper.

## COUNT VIII
## VIOLATION OF CALIFORNIA CIVIL CODE § 2923.5
## (ALL DEFENDANTS)

61.     Plaintiff repeats and realleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

62.     Plaintiff's loan was obtained between January 1, 2003 and December 31, 2007, and is for her principal residence.

63.     The California Legislature has declared that it is their intent to impose additional requirements on mortgagees, trustees, beneficiaries and/or their authorized agents prior to instituting the foreclosure process. This includes making, or attempting with due diligence to make, contact with the borrower(s) prior to issuing any Notice of Default ("NOD") as specified in the statute.

64.     Defendant BANK 1 issued a NOD to Plaintiff in February 26, 2008.

65.     On information and belief, Defendant(s) violated § 2923.5 in one or more of the following ways:

      a. Failing to do one or more of the following at least thirty (30) days prior to issuing the NOD:

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338: Fax: (213) 402 3262: timothv.thurman@trinlaw.com

  i. Contact the borrower in person or by telephone in order assess the borrower's financial situation and explore options for the borrower to avoid foreclosure;

  ii. Advise the borrower during the initial meeting that he/she has the right to request a subsequent meeting and, if requested, schedule such meeting within fourteen (14) days thereafter;

  iii. Provide the borrower with a toll-free telephone number to find a HUD-certified housing counseling agency;

 b. Failing to include a declaration with the NOD that:

  i. The borrower(s) was/were contacted; or

  ii. The lender tried with due diligence to contact the borrower(s), including:

   1. Sending a first-class letter that includes a toll-free telephone number make available by HUD to find a HUD-certified housing counseling agency;

   2. After the letter is sent, attempting to contact the borrower by telephone at least three times at different hours and on different days;

   3. If no response, sending a certified letter with return receipt requested;

   4. Providing a means for the borrower to contact lender in a timely manner, including a toll-free telephone number that provides access to a live representative during business hours;

   5. Posting a prominent link on the homepage of lender's website to options for the borrower to avoid foreclosure, a list of financial documents needed to discuss options to avoid disclosure, a toll-free number

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338; Fax: (213) 402 3262; timothv.thurman@trinlaw.com

for borrowers to call to discuss options to avoid disclosure, and a toll-free number to a HUD-certified housing counseling agency; or

   iii.  The borrower has surrendered the property to the mortgagee, trustee, beneficiary or authorized agent.

66.    As a result of the aforementioned violations by Defendants, Plaintiff has been damaged in an amount according to proof at trial, including but not limited to, attorney's fees and costs.

67.    As a result of the aforementioned violations by Defendants, Plaintiff also seeks a declaration and/or order from the Court that the institution of foreclosure proceedings upon the Property is null and void unless and until Defendants meet the requirements of § 2923.5.

## COUNT IX

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

## [15 USC § 1692]

## (ALL DEFENDANTS)

68.    Plaintiff repeats and realleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

69.    On information and belief, Plaintiff alleges that WAMU and CHASE are "debt collectors," either directly or through agents, as that term is defined in 15 U.S.C. § 1692 *et seq.*, as it regularly collects debt owed to another person.

70.    On information and belief, Defendants violated the Act in one or more of the following ways:

    a.  Failing to respond to Plaintiff's demands in such a way as to meet the requirements of the Act;

    b.  Committing prohibited threats against Plaintiff;

c. Committing prohibited harassment against Plaintiff, including improper communications by telephone;

d. Communicating with others regarding Plaintiff's debt;

e. Falsely representing the identity, status or affiliation of the creditor;

f. Continuing to communicate with the Plaintiff despite written notification that Plaintiff is represented by counsel;

g. Sending a communication, which falsely simulates a legal or judicial process.

71.     As a proximate result of the aforesaid violations of the Act, Plaintiff has sustained actual damages in an amount to be proven at trial.

72.     As a result of these violations, Plaintiff is entitled to actual and statutory damages, and attorney's fees and costs.

## COUNT X
## VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## [Cal. Civil Code § 1788]
## (ALL DEFENDANTS)

73.     Plaintiff repeats and realleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

74.     On information and belief, Plaintiff alleges that WAMU and CHASE are "debt collectors," either directly or through agents, as that term is defined in California Civil Code § 1788 *et seq.*, as it regularly collects debt owed to another person.

75.     On information and belief, Defendants violated the Act in one or more of the following ways:

a. Failing to respond to Plaintiff's demands in such a way as to meet the requirements of the Act;

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338: Fax: (213) 402 3262: timothv.thurman@trinlaw.com

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338; Fax: (213) 402 3262: timothy.thurman@trinlaw.com

b.  Committing prohibited threats against Plaintiff;

c.  Committing prohibited harassment against Plaintiff, including improper communications by telephone;

d.  Communicating with others regarding Plaintiff's debt;

e.  Falsely representing the identity, status or affiliation of the creditor;

f.  Continuing to communicate with the Plaintiff despite written notification that Plaintiff is represented by counsel;

g.  Sending a communication, which falsely simulates a legal or judicial process.

76.     As a proximate result of the aforesaid violations of the Act, Plaintiff has sustained actual damages in an amount to be proven at trial.

77.     As a result of these violations, Plaintiff is entitled to actual and statutory damages, and attorney's fees and costs.

## COUNT XI

## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 AND 17500

## (ALL DEFENDANTS)

78.     Plaintiff repeats and realleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

79.     The Unfair Competition Law and Unfair Business Practices Act, codified in Business & Professional Code §§ 17200 and 17500 *et. seq.*, provides that unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising.

80.     On information and belief, Defendant's acts or practices of failing to accurately and adequately disclose the true loan terms, failing to provide Plaintiff with the necessary disclosures and documents, violating anti-predatory lending

statutes requiring such disclosures, etc., all as previously alleged within this Complaint, was and is illegal, unfair, fraudulent and/or deceptive.

81. By committing the acts and practices alleged herein, Defendants have been and continue to be engaged in illegal, unfair and/or deceptive business practices within the meaning of the Business & Professions Code §§ 17200 and 17500 *et. seq.*

82. Plaintiff has been injured in fact and has lost money and property as a result of Defendants' unfair business practices as alleged throughout this Complaint.

83. Defendants, through their acts of illegal, unfair or deceptive business practices, have obtained a value as a direct result of their scheme.

84. Plaintiff requests that the Court grant relief by way of restitution by ordering that the Defendants return any direct or indirect gains to the Plaintiff and to enjoin Defendants from continuing to violate the Business & Professional Code by such conduct in the future.

85. Plaintiff also respectfully requests an award of attorneys' fees, costs and expenses against Defendants.

## COUNT XII

## QUIET TITLE

## (ALL DEFENDANTS KNOWN OR UNKNOWN AND

## CLAIMING ANY INTEREST IN THE PROPERTY)

86. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

87. Plaintiff is at all times herein mentioned the owner and/or entitled to possession of the Property.

88. Plaintiff is informed and believes and thereupon alleges that Defendants, and each of them, claim an interest in the Property adverse to Plaintiff. However, as a result of the conduct more fully described in the preceding

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd, Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338: Fax: (213) 402 3262: timothy.thurman@trinlaw.com

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   allegations, the claim of Defendants is without any right whatsoever, and said

2   Defendants have no legal or equitable right, claim, or interest in the Property.

3       89.   Plaintiff therefore seeks a declaration that the title to the subject

4   Property is vested in Plaintiff alone and that the Defendants herein, and each of

5   them, be declared to have no estate, right, title or interest in the Property and that

6   said Defendants, and each of them, be forever enjoined from asserting any estate,

7   right, title or interest in the Property adverse to Plaintiff.

8

9                       **COUNT XIII**

10                   **DECLARATORY RELIEF**

11                     **(ALL DEFENDANTS)**

12       90.   Plaintiff repeats and realleges each and every allegation contained in

13   the above paragraphs and incorporates the same as though fully set forth at length.

14       91.   A dispute has arisen between and among the Plaintiff and the

15   Defendants herein, and each of them, as to the duties and obligations of the

16   respective parties with regard to the mortgage loan transaction and/or foreclosure

17   proceedings.

18       92.   These disputes concern, but are not necessarily limited to, the rights

19   and duties of the parties under the promissory note between them, the various

20   statutes at issue in this litigation, the ownership to the Property, and/or the right of

21   Defendants to foreclose on the Property.

22       93.   As these questions concern issues with regard to Plaintiff's Property,

23   he/she is thus required to seek this relief.

24       94.   Plaintiff further alleges that a declaration of rights and duties of the

25   parties herein by the Court is essential to determine the actual status and validity of

26   the mortgage loan transaction and any rights duties and/or obligations as to the

27   enforcement of it.

28

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338: Fax: (213) 402 3262: timothy.thurman@trinlaw.com

95.    Plaintiff has exhausted any and all applicable administrative remedies required under the law and for which notice has been provided to Plaintiff.

## DEMAND FOR JURY TRIAL

96.    Plaintiff hereby requests a trial by a jury of his peers.

## PRAYER

**WHEREFORE,** Plaintiff prays for damages and other relief as follows:

1.    Rescission of the mortgage loan transaction which is the subject of this action;

2.    Termination of any security interest in Plaintiff's Property created under the transaction(s);

3.    Return of any money or property given by the Plaintiff to anyone, including Defendants, in connection with this transaction;

4.    Compensatory and/or actual damages according to proof;

5.    A judicial declaration of the rights, duties and/or obligations of the parties hereto;

6.    Statutory damages;

7.    Restitution;

8.    Punitive damages;

9.    An appropriate declaration and/or order consistent with California Civil Code §§ 2923.5 and/or 2923.6;

10.    Injunctive relief including the immediate issuance of a preliminary restraining order, and thereafter a temporary or permanent injunction to maintain the status quo pending adjudication;

11.    Personal injury damages, including but not limited to, mental anguish and/or emotional distress;

12.    Attorneys' fees according to statute;

13.  Costs of this suit; and

14.  Such other and further relief as this court shall deem fair equitable and just.

DATED: April 28, 2009                    TRINITY LAW ASSOCIATES

                                         By: _____
                                              Timothy D. Thurman
                                              Attorneys for Plaintiff,
                                              CYNTHIA ROBERTS

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338: Fax: (213) 402 3262: timothy.thurman@trinlaw.com

PLAINTIFF'S COMPLAINT FOR DAMAGES

## VERIFICATION OF QUIET TITLE CAUSE OF ACTION

I, CYNTHIA ROBERTS, am a plaintiff in the above-entitled action. I have read the foregoing Count for Quiet Title and know the contents thereof. The same is true of my own knowledge, except as to those matters, which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Los Angeles, California on this day, April 28, 2009.

_Cynthia Roberts_

CYNTHIA ROBERTS

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 928 7338: Fax: (213) 402 3262: timothv.thurman@trinlaw.com

PLAINTIFF'S COMPLAINT FOR DAMAGES