UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYNTHIA ROBERTS, an individual<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL BANK FA, a Federal Savings Bank, organized and existing under the laws of the United States of America; JPMORGAN CHASE BANK, N.A., a national association, organized and existing under the laws of the United States of America; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 5:09-cv-01879-LHK (Consolidated with lead case 09-CV-1855-LHK)<br><br>ORDER GRANTING MOTION TO EXPUNGE NOTICE OF PENDENCY OF ACTION |

Before the Court is a Motion to Expunge a Notice of Pendency of Action brought by Defendant JP Morgan Chase Bank ("JP Morgan") pursuant to California Code of Civil Procedure § 405.32. *See* 5:09-cv-01879-LHK, ECF No. 40 (hereinafter referring to Case No. 5:09-cv-01879-LHK unless indicated). Plaintiff does not oppose this motion. Pursuant to Civil Local Rule 7-1(b), the Court finds that Defendants' motion is suitable for decision without oral argument. Accordingly, the motion hearing set for March 1, 2012 is VACATED.

**I. BACKGROUND**

This case arose out of a mortgage transaction between Plaintiff and Washington Mutual Bank, FA, which concerned property located at 107 Silverwood Drive, Scotts Valley, California

1

Case No.: 5:09-cv-01879-LHK
ORDER GRANTING MOTION TO EXPUNGE LIS PENDENS

(the "subject property"). *See* Second Amended Complaint ("SAC") ¶ 11. Plaintiff Cynthia Roberts ("Plaintiff") filed the initial complaint in this action on April 29, 2009. *See* ECF No. 1. On May 6, 2009, Plaintiff recorded a Notice of Pendency of Action with the County of Santa Cruz as Document No. 2009–0020290 against the subject property. *See* ECF No. 41, Ex. 1. The Notice of Pendency of Action appears to have been erroneously captioned as case number 09-02915 in the United States District Court for the Central District of California. *See id.* A review of the docket in Central District of California case number 09-02915, *Choi v. Indymac, et al.*, suggests that the incorrect case number and district court heading were clerical errors by Plaintiffs' former counsel, who was also counsel of record for the plaintiff in *Choi*. After reviewing the Notice of Pendency of Action and the various dockets, this Court is satisfied that the Notice of Pendency of Action refers to the action before this Court.

On September 26, 2011, the Court issued an Order granting Defendants' Motion to Dismiss and Motion to Strike Plaintiff's claims. *See* ECF No. 40. The September 26, 2011 Order also dismissed the related case number 09-CV-01855. *See* Order at 11, ECF No. 40. On October 25, 2011, Defendant filed the instant Motion to Expunge the Notice of Pendency Action (also referred to as a motion to expunge *lis pendens*). *See* ECF No. 41; *see Carnero v. Federal Home Loan Mortg. Corp.*, 11-CV-1029-WHA, 2012 WL 195408 (N.D. Cal. Jan. 23, 2012). The deadline to file an opposition was November 8, 2011, and Plaintiff failed to file a response to Defendant's motion. *See* Civil L.R. 7-3(a). Therefore, Defendant's motion is unopposed.

**II. DISCUSSION**

Federal courts look to state law in matters pertaining to lis pendens. *See* 28 U.S.C. § 1964. Under California law, at any time after a notice of pendency of action has been recorded, any party may apply to the court in which the action is pending to expunge the notice. Cal. Code Civ. Pro. § 405.30. A court must expunge a notice of pendency of action if it determines either that the pleading on which the notice is based does not contain a real property claim, or that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim. Cal. Code Civ. Pro. §§ 405.31, 405.32.

2

Case No.: 5:09-cv-01879-LHK
ORDER GRANTING MOTION TO EXPUNGE LIS PENDENS

As evident in the Order Granting Defendants' Motion to Dismiss issued on September 26, 2011, the Court has dismissed both of Plaintiff's cases, in their entirety. *See* ECF No. 40. As a result of the Court's outright dismissal of Plaintiff's claims, Plaintiff is left without a real property claim and cannot establish the probable validity of such a claim in this case. *See Cornell v. Select Portfolio Servicing, Inc.*, Case No. 11-1462, 2011 WL 6097721 (E.D. Cal. Nov. 29, 2011). Accordingly, Defendant's Motion to Expunge Notice of Pendency of Action is GRANTED.

**IT IS SO ORDERED.**

Dated: February 17, 2012

_____
LUCY H. KOH
United States District Judge